UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY GUZMAN | CIVIL ACTION |
| VERSUS | NO. 08-1440 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION "C" (3) |

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In this matter, the plaintiff sues for injuries allegedly sustained in an bicycle-automobile accident on May 13, 2007.  According to the petition filed on February 8, 2008, the plaintiff settled with the person who caused the accident for policy limits of $10,000.  (Petition, ¶ V).  He sues the defendant for damages under the uninsured/underinsured provision of his automobile policy with the defendant.  The plaintiff alleges that proof of over $13,000 in medical bills had been sent to the defendant, that the defendant failed to tender "reasonable amounts" under the policy.  (Petition, ¶¶

IX-X). The plaintiff seeks statutory penalties, but did not ask for a jury trial in the petition. (Petition, ¶¶ XI-XII).

The defendants do not argue, and the Court does not find, that the jurisdictional minimum is facially apparent from the petition in this matter. The defendant argues instead that the jurisdictional minimum exists based on a pre-suit demand letter dated November 28, 2007, in which the plaintiff's attorney asks for remaining policy limits and medical payments under the policy with the appropriate offset. (Rec. Doc. 7, Exh. B). Although the parties disagree as to whether State Farm has paid the plaintiff $23,000 or $28,000 at the time of removal. The parties appear to agree that the policy provides for $100,000 in UM coverage.

The plaintiff argues that the plaintiff was hospitalized for observation for one night following the accident, is experiencing pain and that his MRI reveals herniation at C3-4, with smaller herniations at C2-3 and C4-5. The plaintiff consulted a neurosurgeon who ordered additional diagnostic tests, discussed the possibility of surgery and ordered an epidural steroid injection, which the plaintiff is scheduled to undergo. He claims that with the injection, his medical bills will be $20,000, although he does not specify whether any of these expenses have been covered by either policy. No legal support for the statement that "the value of a herniated cervical disc with injections and the possibility of surgery exceeds this court's $75,000.00 jurisdictional amount" is provided. (Rec. Doc.

3

6)(emphasis added).   In addition, the plaintiff provides no medical reports or diagnoses, no proof of disability or recommendation of surgery.

The parties can not consent to the jurisdiction of this Court.  Simon, supra.  The record contains no medical reports, no recommendation for surgery and no finding of disability.   Under these circumstances, the Court finds that the defendant has not made a showing sufficiently particularized to support this Court's subject matter jurisdiction. This conclusion is consistent with previous rulings of this Court regarding unoperated herniated discs.  Jackson v. Continental Casualty Co., 2007 WL 782190 (E.D.La.); St. Pierre v. Miers, 2006 WL 980675 (E.D.La.); Kern v. State Farm Mutual Insurance Co., 2006 WL 146199 (E.D.La.); Lehmann v. Protective Insurance Co., 711705 (E.D.La.)Story v. Unitrin Specialty Insurance Co., 2005 WL 3543731 (E.D.La.).

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack

of subject matter jurisdiction under 28 U.S.C. § 1447(c).

    New Orleans, Louisiana, this 2nd day of June, 2008.

                                                    _____
                                                    HELEN G. BERRIGAN
                                                    UNITED STATES DISTRICT JUDGE